IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCELINO NAVARRO-CALDERON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Cv. No. 2:20-cv-02306-SHL-atc |
| ) | Cr. No. 2:09-cr-20369-BBD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Second § 2255 Motion") filed by Movant Marcelino Navarro-Calderon, Bureau of Prisons ("BOP") register number 23303-076, a former federal prisoner (ECF No. 1-2); and the Response of the United States in Opposition to Defendant's Motion Under 28 U.S.C. § 2255 ("Answer") (ECF No. 5). Because Navarro-Calderon has served his custodial sentence and been deported, the Court **DENIES** the Second § 2255 Motion as moot.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

   **A.     Criminal Case Number 2:09-cr-20369-BBD**

"In August 2009, Marcelino Navarro-Calderon beat and sexually assaulted his then-wife while his four young children listened from another room. When the police arrived, they found his wife lying in a pool of her own blood, gasping for air and attempting to breathe. The attack left her with permanent brain damage." *In re Navarro-Calderon*, No. 19-5957 (6th Cir. Apr. 22,

2020) (cleaned up), ECF No. 1 at PageID 1.)  The State of Tennessee prosecuted Navarro-Calderon for aggravated rape, aggravated kidnapping, and attempted first-degree murder.  After it was discovered that Navarro-Calderon was an illegal alien with a history of criminal conduct, the federal government brought its own charges.  (*Id.*)

On September 23, 2009, a federal grand jury in the Western District of Tennessee returned a three-count indictment against Navarro-Calderon.  (Criminal ("Cr.") Case No. 2:09-cr-20369-BBD, ECF No. 2.)  Count 1 charged that, on or about September 1, 2009, Navarro-Calderon, an alien who had been previously deported, was found in the United States without having obtained the consent of the Attorney General of the United States, in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2).  (*Id.* at PageID 4.)  Count 2 charged that, on or about August 31, 2009, Navarro-Calderon, a convicted felon, possessed a Lorcin 380 caliber semi-automatic pistol, in violation of 18 U.S.C. § 922(g)(1).  (*Id.* at PageID 5.)  Count 3 charged that, on or about August 31, 2009, Navarro-Calderon, an illegal alien, possessed the same firearm charged in Count 2, in violation of 18 U.S.C. § 922(g)(5).  (*Id.* at PageID 6.)

Pursuant to a written plea agreement, Navarro-Calderon appeared before then-United States District Judge Bernice B. Donald on September 10, 2010, to plead guilty to Counts 1 and 2 of the indictment.  (Cr. ECF Nos. 39, 40.)  The plea agreement included a negotiated sentence of one hundred eighty (180) months, or fifteen years, to run concurrently with the sentences imposed by the Shelby County Criminal Court.  (Cr. ECF No. 40 at PageID 49–50.)  At a hearing on January 18, 2011, Judge Donald imposed the negotiated sentence, to be followed by a three-year period of supervised release.  (Cr. ECF Nos. 48, 50, 51.)  It was anticipated that Navarro-Calderon would be deported immediately after service of his custodial sentence.  (Cr.

ECF No. 51 at PageID 105, lines 1–4.)  Judgment was entered on January 18, 2011.  (Cr. ECF No. 50.)  Navarro-Calderon did not take a direct appeal.

In 2013, Navarro-Calderon filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), which was denied in October 2015.  *Navarro-Calderon v. United States*, No. 2:13-cv-02256-SHL-cgc (W.D. Tenn.).  The details of that motion are not relevant here.

### B.  Navarro-Calderon's Second § 2255 Motion

On April 22, 2020, the Sixth Circuit Court of Appeals granted Navarro-Calderon leave to file a second § 2255 motion in which he argued that his sentence on Count 1 was illegally enhanced under 18 U.S.C. § 16(b) and is now unlawful in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  (ECF No. 1-2.)[1]  The Court issued an order on April 28, 2020, directing the Government to respond.  (ECF No. 4.)  The Government filed its Answer on May 26, 2020.  (ECF No. 5.)  Navarro-Calderon did not file a reply.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

---

[1] Navarro-Calderon originally filed his Second § 2255 Motion in this district.  (Case No. 16-cv-02380-SHL-cgc, ECF No. 1.)  The matter was transferred to the Sixth Circuit Court of Appeals on August 26, 2019.  (ECF No. 10.)

3

fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.   ANALYSIS

The Second § 2255 Motion is moot. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *see also Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."). The mootness question turns on whether a federal court can afford a litigant any "effectual relief whatever." *Coal. for Gov't Procurement*, 365 F.3d at 458.

Here, Navarro-Calderon was released on October 14, 2022, having served his custodial sentences. *See* https://www.bop.gov/inmateloc/ (searched Sept. 18, 2023). The Court cannot, therefore, reduce the term of Navarro-Calderon's imprisonment. Although the Court could, in an appropriate case, adjust the period of supervised release, that is not possible here. The probation office for this district confirmed for the Court that, upon his release, Navarro-Calderon was

4

turned over to United States Immigration and Customs Enforcement ("ICE"), and he was deported on October 20, 2022.  He is not, therefore, being supervised by the probation office.  Because there is no relief that a judgment in Navarro-Calderon's favor would afford, the Second § 2255 Motion is moot.

The Court **DENIES** the Second § 2255 Motion.  The Second § 2255 Motion is **DISMISSED WITH PREJUDICE**.  Judgment shall be entered for the United States.

IV.     APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, No. 19-5015, 2020 WL 2190766, at *1 (6th Cir. May 6, 2020) (to be published in the Federal Reporter).  "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.*

In this case, there can be no question that Movant's Second § 2255 Motion is moot, therefore the Court **DENIES** a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file a motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule

6

of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[2]

      **IT IS SO ORDERED**, this 20th day of September, 2023.

                                             s/ Sheryl H. Lipman
                                             SHERYL H. LIPMAN
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of entry of this Order. *See* Fed. R. App. P. 24(a)(5).